IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA MARIE SHELTON, | : | CIVIL ACTION |
|             Plaintiff, | : | |
| | : | No. 13-4667 |
|     v. | : | |
| | : | |
| COUNTY OF CHESTER, et al., | : | |
|             Defendants. | : | |

**MEMORANDUM ORDER**

This 16th day of September, 2015, upon consideration of Defendants' Objections to Plaintiff's Punitive Damages Interrogatories and Notice of Videotape Deposition, it is **ORDERED** that Defendants' Motion is **GRANTED**, and Plaintiff's Punitive Damages Interrogatories and Notice of Videotape Deposition are **STRICKEN** for the reasons that follow.

**I. Background**

Plaintiff brings several medical malpractice claims against health care provider PrimeCare Medical, Inc. ("PrimeCare") and certain PrimeCare employees. Plaintiff served Defendant PrimeCare with Interrogatories and a Notice of Deposition on July 22, 2015. These discovery requests sought to identify information related to PrimeCare's financial status, including net income, net profits, assets, and liabilities. In response, the PrimeCare Defendants filed a motion seeking to quash those discovery requests on the basis that they are not reasonably calculated to lead to the discovery of admissible evidence.

**II. Scope of Discovery**

"It is well established that the scope and conduct of discovery are within the sound discretion of the trial court." *Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir.1983). Discovery is only warranted if the information sought is relevant to a party's claim or defense. FED. R. CIV. P. 26(b)(1).  A litigant may obtain discovery that will not be admissible at trial, but the information requested must be "reasonably calculated to lead to the discovery of admissible evidence." *Id.*  Prior to judgment, "facts about a defendant's financial status are not discoverable as such." Fed. R. Civ. P. 26 advisory committee's note to 1970 amendment.  Plaintiff admits that discovery of "information concerning a defendant's wealth is not ordinarily permitted," but she argues that such records are relevant in this instance to her claims for punitive damages.  Pl.'s Resp. to Def.'s Mot. at 26.

It is true that a trier of fact may properly consider the wealth of a defendant as a factor in assessing an award of punitive damages. *In re Lemington Home for the Aged*, 777 F.3d 620, 631 (3d Cir. 2015) (citing *Vance v. 46 and 2, Inc.*, 920 A.2d 202, 207 (Pa. Super. Ct. 2007); Restatement (Second) of Torts § 908(2)).  However, discovery of such information is not without limitations.  A plaintiff must demonstrate a well-founded possibility that a defendant may be subject to punitive damages as a matter of law before discovery of that defendant's financial documents is appropriate.  *See Tallon v. J.E. Brenneman Co.*, No. 85-0053, 1986 WL 4327, at *2 (E.D. Pa. Apr. 8, 1986) (citing *Chenoweth v. Schaaf*, 98 F.R.D. 587, 589 (W.D. Pa. 1983)); *Cavalier Clothes, Inc. v. Major Coat Co.*, No. 89-3325, 1991 WL 125179, at *4 (E.D. Pa. June 26, 1991).  Because Plaintiff's discovery requests seek the financial information of the corporate entity PrimeCare, rather than its employees named as individual Defendants in the suit, Plaintiff

must demonstrate that she has the potential to recover punitive damages from PrimeCare itself in order to satisfy the Court that such information is discoverable at this time.

### III. Availability of Punitive Damages

Plaintiff's potential recovery of punitive damages against PrimeCare is limited as a matter of law by Pennsylvania's Medical Care Availability and Reduction of Error (MCARE) Act. 40 P. S. § 1303.101 *et seq*. Because Plaintiff's claim for punitive damages asserted in Count III of the Complaint was dismissed by this Court, Plaintiff's only allegation of PrimeCare's direct liability for punitive damages is contained in Count IV of her Complaint, based on a state law survival action. Compl. at ¶ 76. The MCARE Act stipulates that in order to recover punitive damages on the basis of direct corporate liability, Plaintiff will need to prove that PrimeCare itself, rather than its agent or agents, engaged in conduct constituting willful or wanton conduct or reckless indifference to the rights of others. 40 P.S. § 1303.505(a).

The only such conduct alleged in the Complaint and addressed in Plaintiff's expert reports is a failure to promulgate policies to ensure effective communication between nursing and medical staff. Compl. at ¶ 57(o). One of Plaintiff's expert reports states that "PrimeCare had the responsibility to ensure there were proper policies and procedures implemented regarding the effective dissemination/communication of information amongst the treatment staff." Expert Report of Joelene Boiano, Attach. to Def.'s Mot. as Ex. F ("Boianao Report") at 3. The report further states that the nursing staff's apparent failure to follow up with a Physician's Assistant shows "a failure on the part of PrimeCare to implement effective policies to make sure that important information regarding medical care/treatment was being communicated amongst staff." Boianao Report at 3. This cursory statement is the only support that Plaintiff offers for

her claim. Such a breach of the standard of care would at most constitute ordinary negligence, not the sort of wanton or reckless conduct justifying punitive damages.

Plaintiff also asserts a right to recover punitive damages against PrimeCare under theories of vicarious liability. Compl. at ¶¶ 94, 116. Plaintiffs may recover punitive damages from PrimeCare on this basis only if it can show that PrimeCare "knew of and allowed the conduct by its agent" that would give rise to an award of punitive damages. 40 P. S. § 1303.505(c). Even assuming that Plaintiff will be able to prove conduct by the individually named Defendants giving rise to punitive damages, Plaintiff has produced no evidence and alleged no facts in her Complaint demonstrating that PrimeCare "knew of and allowed" such conduct.

I am not persuaded that Plaintiff has shown a sufficient basis to conclude that PrimeCare may be liable for punitive damages under Pennsylvania's MCARE Act. Any discovery of PrimeCare's financial information is therefore irrelevant and unwarranted.

    /s/ Gerald Austin McHugh
United States District Court Judge