IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LISA MARIE SHELTON,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | **No. 13-4667** |
| v. | : | |
| | : | |
| **COUNTY OF CHESTER, et al.,** | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

On this 30th day of September, 2015, upon review of Plaintiff's Motion for Reconsideration (Doc. 48),[1] I **DENY** the Motion for the reasons that follow.

**Standard of Review**

The Third Circuit has held that "[t]he scope of a motion for reconsideration…is extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415-16 (3d Cir. 2011) (citing *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.,* 602 F.3d 237, 251 (3d Cir. 2010)). Such a motion should only be granted if the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence…; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (quotation marks omitted). Plaintiff appears to argue that the court erred in finding that Plaintiff has not shown sufficient evidence to demonstrate that PrimeCare "knew of and allowed" reckless conduct by its employees. Pl.'s Mot. Reconsideration at 2. Upon reconsideration, I am not persuaded that my analysis was in error.

---

[1] I issued an Order on September 16, 2015 granting Defendant's Motion and striking Plaintiff's Punitive Damages Interrogatories and Notice of Videotape Deposition (Doc. 36). Plaintiff also sent a Sur-Reply on September 16th (Doc. 48), but this document was received after my Order was issued. Plaintiff has requested that I treat the Sur-Reply as a Motion for Reconsideration of my September 16th Order, and I consider it as such in the analysis that follows.

1

**Review of the Court's Previous Order**

As stated in my September 16th Order, discovery of Plaintiff's financial records is warranted only if there is a real possibility Plaintiff will recover punitive damages from PrimeCare. Plaintiff argues that there is sufficient evidence demonstrating that PrimeCare may be vicariously liable for punitive damages under Section 505(c) of the MCARE Act because PrimeCare "knew or should have known about the reckless conduct of its agents/employees." Pl.'s Mot. Reconsideration at 2.

Plaintiff incorrectly states the burden of proof for punitive vicarious liability under the MCARE Act. Section 505(c) of the MCARE Act provides punitive damages for vicarious liability only if the "party knew of and allowed the conduct by its agent that resulted in the award of punitive damages." 40 P.S. § 1303.505(c). Although the Pennsylvania appellate courts have not addressed this provision, I am persuaded by the always insightful analysis of Judge Terrence Nealon that the section adds "a *scienter* element into the *respondeat superior* equation," making a health care provider vicariously liable for punitive damages only if "it had actual knowledge of the wrongful conduct of its agent and nevertheless allowed it to occur." *Wagner v. Onofrey*, No. 3-403, 2006 WL 3704801, at *4 (Pa. Com. Pl. Nov. 30, 2006); *see also Stroud v. Abington Mem'l Hosp.*, 546 F. Supp. 2d 238, 257 (E.D. Pa. 2008). Thus, proof that PrimeCare "should have known" about the conduct of its employees is insufficient to state a claim for punitive damages against PrimeCare itself. Plaintiff must prove both that PrimeCare's employees engaged in culpable conduct, and further prove that PrimeCare had actual knowledge of culpable conduct and allowed it to continue.

Looking at Plaintiff's Motion in light of this burden, I remain convinced that Plaintiff cannot meet this burden. Plaintiff argues that PrimeCare acquired actual knowledge of the

2

actions of its employees when Karen Murphy, a PrimeCare Administrator, was "consulted by the nursing staff with respect to [the decedent] Mr. Carter's condition and care." Murphy Dep. at 22:10–2. While at first blush this might suggest that a PrimeCare administrator knew of and condoned or ignored the conduct Plaintiff contends was outrageous, this is sleight of hand. Plaintiff cites only the part of Nurse Murphy's deposition in which she concedes she was notified; as the deposition continues, however, Nurse Murphy offered further testimony describing how, upon being consulted, she assessed Mr. Carter and then intervened to "get him to a hospital as soon as possible." Murphy Dep. at 28:1–2. Rather than showing that PrimeCare allowed culpable conduct by its employees to continue, it shows the exact opposite.

   My order preventing discovery of PrimeCare's financial records stands.

                   /s/ Gerald Austin McHugh
                   United States District Court Judge